**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN MATTHEW AUST, | No. 09-36075 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-01284-PA |
| v. | |
| CHUCK SEELEY, Superintendent at WCCF, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted November 3, 2010
Portland, Oregon

Before: ALDISERT, W. FLETCHER and FISHER, Circuit Judges.[**]

Brian Matthew Aust petitions for habeas relief after being convicted of rape

and sentenced to 100 months imprisonment. His petition is subject to the

Antiterrorism and Effective Death Penalty Act. *See Furman v. Wood*, 190 F.3d

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

1002, 1004 (9th Cir. 1999). The district court denied Aust's petition. We reverse and direct the district court to grant Aust's petition because we conclude that Aust received ineffective assistance of counsel.

Aust twice moved for mistrial based on the prosecutor's references at trial to Aust's silence during a police interview after Aust was advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Aust argues the trial court's denial of his motion for mistrial was contrary to *Doyle v. Ohio*, 426 U.S. 610 (1976), and an unreasonable application of *Doyle*, *Michigan v. Mosley*, 423 U.S. 96 (1975), and *Connecticut v. Barrett*, 479 U.S. 523 (1987). Although we conclude that Aust selectively invoked his right to remain silent, and therefore the prosecutor's comments were improper, we hold the trial court's denial of Aust's motion was neither contrary to, nor an unreasonable application of, clearly established federal law given the facts the trial court had before it at the time it made its decision. *See* 28 U.S.C. § 2254(d)(1).

If, however, the trial court had had the opportunity to review the transcript of the police interview in question, Aust's selective invocation of his right to remain silent would have been plain. We presume the trial court would have followed the law and disallowed the prosecutor's comments. The court twice expressed to counsel that it was at a disadvantage ruling on the motion for mistrial without

2

having reviewed the transcript of the police interview. We conclude that Aust's attorney's failure to provide the trial court with the transcript constituted deficient performance under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different, *id.* at 694. Because there was competing evidence presented at trial, Aust's credibility was of paramount importance. The prosecutor's repeated comments on Aust's silence, which impugned Aust's credibility, were therefore highly prejudicial to his defense. Accordingly, the district court's denial of Aust's habeas petition is **REVERSED**. We **REMAND** to the district court with instructions to grant the petition.